UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MONIQUE DESORMEAUX,<br><br>  Plaintiff,<br><br>  v.<br><br>AUTO RENTAL, LLC,<br><br>  Defendant. | Case No. 2:25-cv-01352-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Appointment of Counsel. ECF No. 10. As a general proposition, a civil litigant has no right to counsel. *Lassiter v. Department of Social Services of Durham County*, 452 U.S. 18 (1981); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under "exceptional circumstances" a court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The Court finds Plaintiff's Motion fails to establish the extraordinary circumstances to support appointment of counsel. Plaintiff's lack of adequate legal knowledge and comprehension do not rise to the level of exceptional circumstance. *Zamaro v. Moonga*, 656 F. App'x 297, 299 (9th Cir. 2016) (explaining that the lack of adequate knowledge of "complex legal and medical issues" is not an exceptional circumstance "in light of the legal competence of most prisoners in similar situations."). And, "the Constitution does not require the elimination of all economic, intellectual, and technological barriers to litigation." *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989) [Control].

While Plaintiff's *in forma pauperis* status establishes that she is unable to pay for counsel (*West v. Brickman*, Case No. 07 Civ. 7260(PKC)(DF), 2008 WL 3303773, at \*1 (S.D.N.Y. Aug. 6,

2008), neither this fact nor her desire to ensure justice is best served meet the exceptional circumstances test. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). Plaintiff's inability to afford counsel despite efforts to retain an attorney "does not rise to the standard of exceptional circumstances." *Garcia v. Las Vegas Metro. Police Dep't*, Case No. 2:17-cv-02504-APG-BNW, 2020 WL 3404730, at *3 (D. Nev. June 19, 2020).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 10) is DENIED.

Dated this 5th day of September, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE