UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MONIQUE DESORMEAUX, <br><br>Plaintiff, <br><br>v. <br><br>AUTO RENTAL, LLC, <br><br>Defendant. | Case No. 2:25-cv-01352-EJY <br><br>**ORDER** |

Pending before the Court is Plaintiff's Amended Complaint (ECF No. 11), which was filed after the Court granted Plaintiff's Application to Proceed *in forma pauperis* and dismissed Plaintiff's original Complaint finding she established neither general nor specific personal jurisdiction over Defendant. ECF No. 5. The Court screens Plaintiff's Amended Complaint under the standard previously applied. *Id*.

**I.     Plaintiff Fails to Establish Diversity Jurisdiction**

Plaintiff's Amended Complaint asserts she may proceed in the U.S. District Court for the District of Nevada under diversity jurisdiction because she is a resident of Nevada and Defendant Auto Rental, LLC is a Georgia Corporation. ECF No. 11 at 1-2. With respect to the events underlying this controversy, Plaintiff continues to assert she rented a vehicle from Auto Rental, LLC on two occasions—once in Georgia and a second time in Oklahoma—with both rentals resulting in the loss of her personal possessions after the vehicles were returned to Auto Rental by a third party. *Id*. at 2-4. Plaintiff concludes the amount in controversy exceeds $75,000 because, when the cars were repossessed, she suffered the loss of $535 in cash, laptops, hand-held voice recorders, and large amounts of personal property that was never returned. *Id*. at 3-4. Plaintiff offers nothing in her Amended Complaint establishing the value of any tangible property she alleges was lost.

In order to establish diversity jurisdiction Plaintiff must demonstrate the amount in controversy exceeds $75,000 and the matter is between "citizens of different States." 28 U.S.C. § 1332(a). As the party asserting diversity jurisdiction, Plaintiff bears the burden of establishing by a

preponderance of the evidence the amount in controversy is sufficient to establish jurisdiction. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (internal cite omitted). "A speculative argument regarding the potential value of the award is insufficient" to establish diversity jurisdiction. *Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998). In *GMAC Mortg., LLC v. Martinez*, Case No. CV 10–02882 MMM (PLAx), 2010 WL 1931268, at *4 (C.D. Cal. May 10, 2010), the court held the amount in controversy requirement was not met because there were "no facts or evidence corroborating" the damages assertion. *See also Choudhuri v. Wells Fargo Bank, N.A.*, Case No. 15-cv-03608-VC, 2016 WL 3212454, at *3 (N.D. Cal. June 10, 2016) (Plaintiff's "bald assertion that the amount in controversy is 'approximately $1 million' is insufficient to establish" an amount that "actually exceeds the jurisdictional threshold").

Here, the Court finds Plaintiff fails to adequately demonstrate the amount in controversy exceeds $75,000. Even without considering whether Plaintiff establishes general personal jurisdiction over Auto Rental, a separate issue discussed below, the Court finds Plaintiff's allegations regarding damages are unsupported by facts and, thus, she has not established the jurisdictional amount she must to support the exercise of diversity jurisdiction. In the absence of diversity jurisdiction, and noting Plaintiff's claims are all related to the loss of personal property, the Court finds this matter cannot proceed in federal court.

**II.   Plaintiff Fails to Establish Personal Jurisdiction Over Auto Rental, LLC**

The Court dismissed Plaintiff's original Complaint because she failed to establish personal jurisdiction over the Defendant on either a general or specific basis. ECF No. 5. On this occasion, Plaintiff asserts the Court has general personal jurisdiction over Defendant. ECF No. 11 at 2. Plaintiff appears to have abandoned specific jurisdiction as a basis for contending the District of Nevada may exercise personal jurisdiction over the Defendant. *Id*.

General jurisdiction over a corporation is only appropriate when the corporation's affiliations with the state are "so constant and pervasive as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). Here, Plaintiff concludes, without any assertion of fact or documentary evidence, that Auto Rental, LLC "operates" as Ace Rent a Car in Las Vegas. ECF No. 11 at 2. Plaintiff's assertion is insufficient to establish a basis for the exercise of

jurisdiction. The question that must be answered is whether the non-resident parent carries on "continuous and systematic" activities in the forum through a subsidiary such that it may be brought into causes of action that are unrelated to its contacts with the forum. *Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 1175, 1177 (9th Cir.), *cert. denied,* 449 U.S. 1062 … (1980). The mere existence of the parent-subsidiary relationship is an insufficient basis on which to acquire personal jurisdiction over the parent. *Transure, Inc. v. Marsh and McLennan, Inc.,* 766 F.2d 1297, 1299 (9th Cir. 1985) …." *In re MDC Holdings Securities Litigation*, 754 F.Supp. 785, 793 (S.D. Cal. 1990). Moreover, "[e]ven where a parent owns 100% of a subsidiary and their boards of directors overlap, the foreign parent is not subject to jurisdiction absent a showing that the parent controls the internal affairs of the subsidiary and determines how the company will be operated on a day-to-day basis." *Id*. at 794 (internal citation and quote marks omitted). In the absence of any evidence of actual ownership or day to day control, dismissal based on a lack of jurisdiction is appropriately granted. *Id*. Said simply, for "diversity purposes, a parent and its subsidiary are treated as separate entities with separate principal places of business." *China Basin Properties, Ltd. v. One Pass*, *Inc.*, 812 F.Supp.1038, 1041 (N.D. Cal. 1993) (internal citation omitted). While, the Court "may pierce the corporate veil and disregard the separate corporate existence of a subsidiary if the corporation fails to observe the formalities of corporate separation," the Court "will not abandon the presumption that … [the parent and subsidiary] are separate entities" when a "[p]laintiff has produced no evidence of non-observance of corporate formalities …." *Id.* (internal citations and quote marks omitted).

Here, there is the absence of any evidence of a parent-subsidiary relationship, let alone evidence that Auto Rental controls the day to day operations of Ace Rent a Car. Plaintiff's conclusory statement provides no basis for the Court to abandon the presumption that Auto Rental and Ace Rent a Car are separate entities with separate principal places of business. Plaintiff has not demonstrated that the Court may properly exercise general personal jurisdiction over Auto Rental, LLC, the only entity Plaintiff alleges engaged in wrongdoing.

**III.     Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Amended Complaint (ECF No. 11) is DISMISSED without prejudice, but without leave to amend in this Court. The without prejudice dismissal is to allow Plaintiff to proceed with her action in Georgia or Oklahoma.

IT IS FURTHER ORDERED that this matter be closed on the docket and the Clerk of Court is to accept no further filings from Plaintiff in this matter other than a notice of appeal.

Dated this 17th day of September, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE